O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WAHL,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>          Defendant. | Case No. CV 14-4986-SP<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

On September 14, 2015, the assigned magistrate judge issued a Report and Recommendation, recommending that the decision of the Commissioner of the Social Security Administration denying benefits to plaintiff be reversed, and that the case be remanded to the Commissioner. Defendant filed objections to the Report and Recommendation on September 29, 2015, and plaintiff responded to those objections on October 12, 2015.

Meanwhile, on September 30, 2015, plaintiff filed a statement of consent to have the magistrate judge conduct all proceedings in this case. As defendant had previously filed her statement of consent (much earlier, on August 21, 2014), on October 1, 2015 the case was reassigned to the magistrate judge for all further proceedings and final disposition. In light of the case reassignment, on October 8,

2015, plaintiff filed a request for entry of judgment, arguing that plaintiff's objections were now moot, and asking the court to enter judgment in his favor. Defendant opposed this request on October 13, 2015, objecting to plaintiff's late consent and arguing that the court should consider defendant's objections.

The court appreciates and understands defendant's concerns about plaintiff's consenting to magistrate judge jurisdiction only after the Report and Recommendation was filed. Nonetheless, the Local Rules of this court plainly permit the parties to consent "at any time prior to the entry of judgment." L.R. 73-3. As such, plaintiff's consent is valid, and the case has been reassigned. But the court will not enter judgment without first considering defendant's objections, for two reasons. First, with the Report and Recommendation, the court notified the parties they had the opportunity to file objections, and thus the court finds it appropriate that any objections filed be considered. Second, even if the objections are not properly considered as objections, under the procedural circumstances described above, the court will treat the objections as a request for reconsideration. The court will also consider the objections, even though they were filed one day late.

Accordingly, the court has considered defendant's objections, and has specifically reviewed again those portions of the Report and Recommendation to which defendant has objected. Although defendant raises a number of points with respect to the court's findings that the ALJ erred in discounting plaintiff's credibility with respect to his claimed mental limitations and in failing to properly consider the opinions of plaintiff's treating psychiatrist and therapist, these points are largely the same as those defendant made in her memorandum in support of the answer. None of defendant's objections cause the court to reconsider its findings.

As such, the court adopts and incorporates by reference the findings in the Report and Recommendation. IT IS THEREFORE ORDERED that: (1) plaintiff's Request for Entry of Judgment (docket no. 23) is GRANTED; and (2) Judgment

1  be entered reversing the decision of the Commissioner denying benefits, and
2  remanding this action for further administrative proceedings consistent with the
3  Report and Recommendation as incorporated into this Memorandum Opinion and
4  Order.

6  Dated: October 22, 2015

_____
SHERI PYM
United States Magistrate Judge